UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANIEL APOLITO,

                      Plaintiff,

       v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                      Defendant.
_____

**REPORT AND RECOMMENDATION**

11-CV-1065
(TJM/VEB)

## I. INTRODUCTION

In March of 2009, Plaintiff Daniel Apolito applied for disability and disability insurance benefits under the Social Security Act. Plaintiff alleges that he has been unable to work since May of 2002 due to physical and mental impairments. The Commissioner of Social Security denied Plaintiff's application.

Plaintiff, by and through his attorney, Stephen J. Mastaitis, Jr., Esq., commenced this action seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The Honorable Gary L. Sharpe, Chief United States District Judge, referred this case to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 14).

## II. BACKGROUND

The relevant procedural history may be summarized as follows:

On March 19, 2009, Plaintiff applied for benefits under the Social Security Act, alleging that he had been unable to work since May 30, 2002. (T at 87-90).[1] The application was denied initially and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held in Albany, New York, on September 8, 2010, before ALJ Carl E. Stephan. (T at 25). Plaintiff appeared with his attorney and testified. (T at 28-42).

On November 22, 2010, ALJ Stephan issued a written decision finding that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period and denying his claim for benefits. (T at 13-24). The ALJ's decision became the Commissioner's final decision on July 28, 2011, when the Social Security Administration's Appeals Council denied Plaintiff's request for review. (T at 1-6).

Plaintiff, by and through his attorney, timely commenced this action by filing a Complaint on September 8, 2011. (Docket No. 1). The Commissioner interposed an Answer on January 9, 2012. (Docket No. 8). Plaintiff filed a supporting Brief on March 23, 2012. (Docket No. 11). The Commissioner filed a Brief in opposition on May 7, 2012. (Docket No. 13).

Pursuant to General Order No. 18, issued by the Chief District Judge of the Northern District of New York on September 12, 2003, this Court will proceed as if both parties had

---

[1]Citations to "T" refer to the Administrative Transcript. (Docket No. 8).

accompanied their briefs with a motion for judgment on the pleadings.[2]

For the reasons set forth below, it is recommended that Plaintiff's motion be granted, the Commissioner's motion be denied, and this case be remanded for further proceedings.

## III. DISCUSSION

**A.    Legal Standard**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir.1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir.1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); see Grey v. Heckler, 721 F.2d 41, 46 (2d Cir.1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir.1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford

---

[2]General Order No. 18 provides, in pertinent part, that "[t]he Magistrate Judge will treat the proceeding as if both parties had accompanied their briefs with a motion for judgment on the pleadings."

v. Schweiker, 685 F.2d 60, 62 (2d Cir.1982).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F.Supp. 147, 153 (S.D.N.Y.1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir.1984).

The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 416.920, 404.1520. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.[3]

---

[3]This five-step process is detailed as follows:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.

If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.

If the claimant has such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.

If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.

Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite

While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n. 5; Ferraris v. Heckler, 728 F.2d 582 (2d Cir.1984).

The final step of the inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 416.920(g); 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

## B.  Analysis

### 1.  Commissioner's Decision

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2007 ("the date last insured"), and did not engage in substantial gainful activity between May 30, 2002 (the alleged onset date) and the date last insured. (T at 18). The ALJ concluded that, as of the date last insured, Plaintiff had no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment. (T at 18-20). As such, the ALJ determined that Plaintiff was not under a disability, as defined under the Social Security Act, at any time between the alleged onset date and the date last insured. As such, the ALJ denied Plaintiff's application for

---

the claimant's severe impairment, he has the residual functional capacity to perform his past work.

Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir.1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir.1999); 20 C.F.R. §§ 416.920, 404.1520.

benefits. (T at 20). As noted above, the ALJ's decision became the Commissioner's final decision on July 28, 2011, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

## 2. Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" Butts v. Barnhart, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)). Remand is "appropriate where, due to inconsistencies in the medical evidence and/or significant gaps in the record, further findings would . . . plainly help to assure the proper disposition of [a] claim." Kirkland v. Astrue, No. 06 CV 4861, 2008 WL 267429, at *8 (E.D.N.Y. Jan. 29, 2008). For the following reasons, this Court recommends that this case be remanded pursuant to sentence four of Section 405 (g).

### a. Dr. Kirkland's Records

At the administrative hearing, Plaintiff testified that he left work in 2002 due to fainting spells caused by panic attacks. (T at 29). He explained that he had a history of anxiety issues that made school and work attendance very difficult and was twice hospitalized as a result of his symptoms. (T at 31, 35). The panic attacks occur without warning at least five times per week, lasting for 5 to 10 minutes when he uses medication. (T at 39). If he does not medicate, Plaintiff passes out. (T at 39). School records from the 1970s indicated that Plaintiff had significant psychiatric difficulties during that period. (T at 102-122).

Plaintiff testified that his symptoms had not changed since December 31, 2007 (the

date last insured). (T at 40). Plaintiff advised that he obtained psychiatric treatment from Dr. Melanie Kirkland during the relevant time period while living in Las Vegas. (T at 42). His attorney advised the ALJ that treatment records had been requested from Dr. Kirkland. (T at 43). Counsel asked to have the record held open to obtain the additional records. (T at 43). The ALJ agreed, noting that there was "not a lot here before the date last insured." (T at 43). Plaintiff began treating with Dr. Margaret Walker, a psychologist, in April of 2010, more than two years after the date last insured. (T at 35).

Following the hearing, Plaintiff's counsel wrote a letter to the ALJ advising that he had not been able to obtain Dr. Kirkland's records and requesting additional time to supplement the record. (T at 148). Thereafter, counsel wrote a second letter advising that Dr. Kirkland had not responded to "telephone, fax, e-mail [or] mail" requests for records. (T at 149). Accordingly, counsel indicated that he would "rest on the record." (T at 149). The ALJ honored counsel's request, closed the record, and issued a decision denying Plaintiff's application for benefits. (T at 16-20).

As noted above, the ALJ concluded that Plaintiff did not have any medically determinable impairments. (T at 18). With regard to Plaintiff's testimony concerning panic attacks, the ALJ discounted that testimony by noting that Plaintiff "did not receive any psychiatric treatment prior to the expiration of the date last insured." (T at 19). In making this finding, the ALJ made no reference to Dr. Kirkland or counsel's unsuccessful attempts to obtain her treatment records. (T at 19).[4]

It is well-settled in this Circuit that in light of the "essentially non-adversarial nature

---

[4] The ALJ did reference Dr. Walker, who began treating Plaintiff after the date last insured, and commented on the lack of records from Dr. Walker. (T at 19). That issue is discussed in further detail below. It appears the ALJ confused Dr. Walker and Dr. Kirkland.

of a benefits proceeding," the ALJ has "an affirmative duty to develop the record." Pratts v. Chater, 94 F.3d 34, 37 (2d Cir.1996) (quoting Echevarria v. Secretary of Health and Human Services, 685 F.2d 751, 755 (2d Cir.1982)); see also Shaw v. Chater, 221 F.3d 126, 131 (2d Cir.2000); Perez v. Chater, 77 F.3d 41, 47 (2d Cir.1996).

This Court finds that the ALJ failed in his duty to develop the administrative record. The ALJ has the power to issue subpoenas for medical records. 20 C.F.R. § 404.950 (d). The ALJ should have either issued a subpoena for Dr. Kirkland's records or, at a minimum, advised Plaintiff's counsel of the availability of a subpoena.

This Court is mindful that the Second Circuit (in an unpublished opinion) and at least two district courts have indicated that the ALJ may, under certain circumstances, satisfy the duty to develop the record by relying on the claimant's counsel to obtain additional medical documentation. See Rivera v. Commissioner of Social Sec., 728 F. Supp.2d 297, 330 (S.D.N.Y. 2010)("Courts do not necessarily require ALJs to develop the record by obtaining additional evidence themselves, but often permit them to seek it through the claimant or his counsel . . . Accordingly, the ALJ's request that plaintiff's attorney obtain the recent treatment records from Lincoln Hospital fulfilled his obligations with regard to developing the record.")(citations omitted); Pagan v. Astrue, No. 11-CV-825, 2012 WL 2206886, at *8 (N.D.N.Y. June 14, 2012)(holding that ALJ satisfied duty to develop record by granting counsel additional time to obtain evidence and providing opportunity to request a further extension); see also Jordan v. Commissioner of Social Security, 42 Fed. Appx. 542, 543, 2005 WL 2176008, at *1 (2d Cir. Sep't 8, 2005)(unpublished).

However, this Court notes that the Second Circuit has shown a willingness to interpret broadly the ALJ's duty to develop the record, even in cases where the claimant

is represented by counsel. See Vincent v. Comm'r of Social Security, 651 F.3d 299, 305 (2d Cir. 2011)("The duty of the ALJ, unlike that of a judge at trial, is to 'investigate and develop the facts and develop the arguments both for and against the granting of benefits.'")(citations omitted); see also Newsome v. Astrue, 817 F. Supp.2d 111, 137 (E.D.N.Y. 2011)("The fact that the ALJ requested additional information from the Plaintiff's attorney and did not receive that information does not relieve the ALJ of his duty to fully develop the record."); Ayer v. Astrue, No. 11- CV-83, 2012 WL 381784, at *6 (D. Vt. Feb. 6, 2012)("The fact that the ALJ requested additional medical records from [claimant's] attorney at the administrative hearing does not relieve him of his duty to fully develop the record.").

In this particular case, even if the ALJ arguably did not have a duty to issue a subpoena for Dr. Kirkland's records *sua sponte*, at the very least he should have advised Plaintiff's counsel of that resource for obtaining these documents before closing the administrative record.[5] Plaintiff alleged very serious symptoms arising from his psychiatric impairments. The records of his treating psychiatrist during the relevant period were thus central to the disability determination. Indeed, the lack of such records led the ALJ to conclude that Plaintiff "did not receive any psychiatric treatment prior to the expiration of the date last insured." (T at 19). This was the definitive portion of the ALJ's decision. The ALJ offered no explanation regarding the failure to procure Dr. Kirkland's records. In fact, as discussed further below, the ALJ's references to requests for *Dr. Walker*'s records strongly suggests that the ALJ was not entirely clear about the lack of record development

---

[5]The fact that the counsel either knew or reasonably should have known that he could ask for a subpoena to obtain the records does not relieve the ALJ of his independent obligation in this regard.

with regard to Dr. Kirkland.

In sum, having been advised by Plaintiff's counsel that "telephone, fax, e-mail and mail" requests were unsuccessful in generating a response from Dr. Kirkland, the ALJ should have either issued a subpoena or recommended that Plaintiff's counsel request a subpoena before closing the administrative record. Accordingly, this Court finds that remand is necessary for further development of the record with regard to Dr. Kirkland's treatment notes.

### b. Dr. Walker's Records

The ALJ's decision contains the following reference to Dr. Walker:

> The claimant's attorney reported that since April 2010 the claimant has been under the care of a psychologist, Margaret Walker, Ph.D. and reported that her records would be submitted. However, the records have not materialized and the claimant's attorney requested that the record be closed since no further evidence was forthcoming. However, even if Dr. Walker's records had been submitted showing that the claimant has a current diagnosis of anxiety disorder, the records would be of no probative value concerning the period of time at issue.

(T at 19).

It appears the ALJ confused counsel's request for additional time to obtain records from Dr. *Kirkland* (who treated Plaintiff prior to the date last insured) with Dr. Walker (who began treating Plaintiff after the date last insured). For reasons not clear from the record, Plaintiff's counsel did not submit any records from Dr. Walker to the ALJ. Dr. Walker prepared a detailed report concerning Plaintiff's condition on August 31, 2010 (T at 334), which pre-dates the ALJ's November 2010 decision, but counsel did not provide the report until May of 2011 (when he submitted it to the Appeals Council). (T at 331).

Dr. Walker indicated a diagnosis of "Panic disorder, without agoraphobia." (T at 332). She noted that "spontaneous and unpredictable occurrences of panic, with physically passing out . . . have continued, despite medication." (T at 333). Dr. Walker opined that given Plaintiff's "history, current level of skills, and recurring unpredictable panic attacks, returning to employment at this time [was] not warranted." (T at 333). She assessed moderate restriction of activities of daily living, marked difficulties in social functioning, marked difficulties in maintaining concentration, persistence, or pace when stressed, and extreme episodes of decompensation of extended duration. (T at 344).

As noted above, the ALJ was not presented with Dr. Walker's report, but concluded that, in any event, any opinion from Dr. Walker would be irrelevant because a "current diagnosis of an anxiety disorder . . . would be of no probative value concerning the period of time at issue." (T at 19). The Appeals Council did review Dr. Walker's report, but determined that treating psychologist's opinion "[did] not provide a basis for changing the Administrative Law Judge's decision." (T at 2).

The Appeals Council was obligated to give careful consideration to the opinion of this treating medical provider.[6] See James v. Commissioner of Social Security, No. 06-CV-

---

[6] Under the "treating physician's rule," the Commissioner must give controlling weight to the treating physician's opinion when the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); Halloran v. Barnhart, 362 F.3d 28, 31-32 (2d Cir. 2004); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir.2000).
    Even if a treating physician's opinion is deemed not to be deserving of controlling weight, the Commissioner may nonetheless give it "extra weight" under certain circumstances. In this regard, the following factors should be considered when determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination, (2) nature and extent of the treatment relationship, (3) supportability of opinion, (4) consistency, (5) specialization of the treating physician, and (6) other factors that are brought to the attention of the court. C.F.R. § 404.1527(d)(1)-(6); see also de Roman, 2003 WL 21511160, at *9; Shaw, 221 F.3d at 134; Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir.1998); Schaal v. Apfel, 134 F.3d 496, 503 (2d Cir. 1998).

11

6180, 2009 WL 2496485, at *10 (E.D.N.Y. Aug. 14, 2009)("[W]here newly submitted evidence consists of findings made by a claimant's treating physician, the treating physician rule applies, and the Appeals Council must give good reasons for the weight accorded to a treating source's medical opinion."); see also Snell v. Apfel, 177 F.3d 128, 134 (2d Cir.1999)(holding that the Commissioner "is required to explain the weight it gives to the opinions of a treating physician"); 20 C.F.R. § 404.1527(d)(2) ( "We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.").

"Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." Snell, 177 F.3d at 134; see also Farina v. Barnhart, No. 04-CV-1299 (JG), 2005 WL 91308, at *5 (E.D.N.Y. Jan.18, 2005) (remanding for further proceedings where the Appeals Council failed to acknowledge receipt of new evidence from claimant's treating physician and failed to "provide the type of explanation required under the treating physician rule" when denying review)).

Thus, in this case, the Appeals Council was obligated to provide an explanation for its decision not to afford controlling weight to an assessment provided by Plaintiff's treating psychologist. No such explanation was provided. The summary statement that the additional information presented by Plaintiff did "not provide a basis" for changing the ALJ's decision is insufficient as it frustrates meaningful review by this Court and provides the Plaintiff with no material information to explain why Dr. Walker's opinion was rejected. Stadler v. Barnhart, 464 F. Supp.2d 183, 188 (W.D.N.Y. 2006) (concluding that the Appeals

Council erred by "fail[ing] to follow the requirements of the Commissioner's regulation in summarily concluding, without 'good reasons' stated, that the new evidence submitted by plaintiff's counsel to it was insufficient to disturb the ALJ's determination" (quoting Rice v. Barnhart, No. 03-CV-6222, 2005 WL 3555512, at *13 (W.D.N.Y. Dec. 22, 2005)).

Moreover, even if the Appeals Council's summary statement is construed as rejecting Dr. Walker's opinion because it post-dated the date last insured (essentially, the conclusion the ALJ articulated as an alternative justification for his decision), that conclusion would be contrary to Second Circuit authority expressly holding that "medical evidence generated after an ALJ's decision cannot deemed irrelevant solely because of timing." Newbury v. Astrue, 321 Fed.Appx. 16, 2009 WL 780888, at *2 n.2 (2d Cir. Mar. 26, 2009)(citing Pollard v. Halter, 377 F.3d 183, 193 (2d Cir.2004)("Although the new evidence consists of documents generated after the ALJ rendered his decision, this does not necessarily mean that it had no bearing on the Commissioner's evaluation of [the Claimant's] claims. To the contrary, the evidence directly supports many of her earlier contentions regarding [the] condition. It strongly suggests that, during the relevant time period, [her] condition was far more serious than previously thought")); see also Sergenton v. Barnhart, 470 F. Supp.2d 194, 204 (E.D.N.Y. 2007).

Furthermore, Dr. Walker's opinion was not limited to the period of treatment, but referenced her assessment of Plaintiff's symptoms prior to the date last insured. (T at 332)("[Plaintiff] is and has been since he [was] a young child, a highly anxious person.")(T at 333)("The duration of his psychiatric difficulties has been many years, with treatments sought, both medically and psychologically.").

Accordingly, this Court finds that both the ALJ's and the Appeals Council's

consideration of Dr. Walker's opinion was insufficient and contrary to applicable law. A remand for reconsideration of that opinion (and further development of the record with regard to Dr. Kirkland's treatment notes) is accordingly necessary.

## IV. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's Motion for Judgment on the Pleadings be DENIED, that Plaintiff's Motion for Judgment on the Pleadings be GRANTED, and that this case be remanded for further administrative proceedings.

Respectfully submitted,

Dated: November 5, 2012

Syracuse, New York

Victor E. Bianchini
United States Magistrate Judge

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

November 5, 2012

_____
Victor E. Bianchini
United States Magistrate Judge